Dear Ms. Adams:
This office is in receipt of your opinion request regarding the recall process and the amendments to R.S. 18:3 and R.S. 18:1300.7
by Act 1420 of the 1997 Regular Session of the Louisiana Legislature. This Act became effective on January 1, 1998. Specifically, you have requested an opinion on the following:
1) What law does the registrar of voters follow in certifying the petition if the preclearance of the Act is received prior to the certification by the registrar of voters? Is it the law in effect at the time of the prefiling of the petition or is it the amended law?
2) If the answer to No. 1 is the amended law, what action does the registrar take if the petition does not include the information required in the amendment?
3) There is a certificate statement on each page of the recall petition. Does each page have to be certified individually or can the certificate statement be completed on the last page only?
4) Is the additional information on the petition, other than the signature and address at which the voter is registered to vote, to be used in determining the number of qualified electors?
5) If a person desires to have his name added or deleted from the petition after the original petition is filed with the registrar for certification, should it be in the same format and include the same information relative to the voter as is required on the original petition?
QUESTION NO. 1
In answer to your first question, to certify a recall petition the registrar of voters must follow L.S.A. R.S. 18:1300.3, which has not been amended by Act 1420. L.S.A. R.S. 13:1300.3 requires the registrar to certify to (1) the number of names on the petition; (2) the number of qualified electors of the voting area within the parish whose signatures appear on the petition; (3) the total number of electors of the voting area within the parish as of the date of the filing of the petition with the secretary of state; and to also indicate on the petition the number of names who are not electors of the voting area.
In certifying the number of qualified electors of the voting area within the parish whose signatures appear on the petition, the registrar of voters is to refer to R.S. 18:1300.2(D) and R.S.18:1300.3(E). R.S. 18:1300.2(D) requires that the registrarnot count any signature which is undated or bears a date prior to the date on which the copy of the petition initially was filed with the secretary of state or after the date of the submission of the petition to the registrar except as otherwise provided in R.S. 18:1300.3(B). Additionally, the registrar shall not receive or certify a petition submitted for certification unless it is submitted timely. R.S. 18:1300.3(E) requires that the registrar of voters shall comply with the provisions of R.S. 18:3(C) when determining the number of qualified electors of the voting area who signed the petition.
R.S. 18:3(C) prohibits the registrar from counting a person who has failed to include his name and address in the petition, or any person whose name does not appear on the role of electors. While R.S. 18:3, as recently amended by Act 1420, now requires a person to state his date of birth on the petition, we are unaware of any provision in the law which instructs the registrar as to whether the signature should be counted or not for failure to comply with this new law regarding the date of birth. Therefore, it is our opinion that the registrar shall count the signature unless the signature is not in compliance with R.S. 18:1300.2(D), R.S. 18:1300.3(E) or R.S. 18:3(C).
QUESTION NO. 2
Because of our opinion as to question number 1, question number two does not require a response.
QUESTION NO. 3
In answer to question number three, it is our opinion that it is sufficient to certify the last page of the petition as certification of the total as long as the requirements of R.S.18:1300.3 are met and the certification is completed in full.
QUESTION NO. 4
Addressing question number four, we refer you to our response to question number one above for the requirements for determining the number of qualified electors.
QUESTION NO. 5
In response to your fifth inquiry, we refer you R.S. 18:1300.3(B) which provides:
 The registrar of voters shall honor the written request of any voter who either desires to have his signature stricken from the petition or desires to have his signature added to the petition at any time after receipt of the signed petition as provided in R.S. 18:1300.2(C) but prior to certification of the petition or within five days after receipt of such signed petition, whichever is earlier.
Because the law does not specifically address the issue raised in your question, it is our opinion that if the registrar is adding signatures, the registrar should follow those same requirements used in counting signatures of qualified voters on the original recall petition. With respect to deleting signatures, it is our opinion that it is left to the discretion of the registrar of voters to determine if the signature on the written request is that of the person who signed the original petition.
We hope that your questions have been resolved. If you should need further assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
RPI:ARL:cwr
Date Received: September 22, 1997 Date Released:
ANGIE ROGERS LaPLACE, ASSISTANT ATTORNEY GENERAL